# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 3. Petition for Review of Order of a Federal Agency, Board, Commission, or Officer

Name of Federal Agency, Board, Commission, or Officer:

| United States Drug Enforcement Administration |

Date of judgment or order you are challenging: 08/19/2022

Fee paid for petition?  ● Yes   ○ No

**List all Petitioners** *(List each party filing the petition. Do not use "et al." or other abbreviations.)*

Advanced integrative Medical Science Institute, PLLC
Dr. Sunil Aggarwal, MD, PhD, FAAPMR, FAAHPM
Michal Bloom
Erinn Baldeschwiler

For immigration cases:

Alien Number(s): ____

Is petitioner(s) detained?  ○ Yes  ○ No

Has petitioner(s) moved the BIA to reopen?  ○ Yes  ○ No

Has petitioner(s) applied to the district director for an adjustment of status?  ○ Yes  ○ No

Have you filed a previous petition for review from this agency? ● Yes  ○ No

If Yes, what is the prior 9th Circuit case number? 22-70153

Your mailing address:

James F. Williams

Perkins Coie LLP, 1201 Third Avenue, Suite 4900

City: Seattle    State: WA    Zip Code: 98101

Prisoner Inmate or A Number (if applicable): ____

**Signature** James F. Williams    **Date** 9/19/2022

*Complete and file with the attached representation statement and the order being challenged. See, e.g., Circuit Rule 15-4.*

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

Form 3                                    1                          Rev. 12/01/2018

# Representation Statement for Petition for Review

**Petitioner(s)** *(List **each** party filing the petition, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

> Advanced integrative Medical Science Institute, PLLC
> Dr. Sunil Aggarwal, MD, PhD, FAAPMR, FAAHPM
> Michal Bloom
> Erinn Baldeschwiler

Name(s) of counsel (if any):

> James F. Williams

Address: 1201 Third Avenue, Suite 4900

Telephone number(s): (206) 359-8000

Email(s): jwilliams@perkinscoie.com

Is counsel registered for Electronic Filing in the 9th Circuit?  ● Yes  ○ No

**Respondent(s)** *(List only the names of parties and counsel (if known) who will oppose you in the petition. List separately represented parties separately.)*

Name(s) of party/parties:

> United States Drug Enforcement Administration
> Merrick Garland, in his official capacity as Attorney General of the United States
> Anne Milgram, in her official capacity as Administrator of the United States Drug Enforcement Administration

Name(s) of counsel (if any known):

> Thomas G. Pulham

Address: 950 Pennsylvania Avenue, NW Washington, DC 20530

Telephone number(s): 202-514-4332

Email(s): Thomas.Pulham@usdoj.gov

*To list additional parties and/or counsel, attach additional pages as necessary.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 3                                           2                              Rev. 12/01/2018

## Additional Counsel for Petitioners

Shane Pennington
Vicente Sederberg LLP
1115 Broadway, Suite 1218
New York, NY 10010
Phone: 917.338.5455
s.pennington@vicentesederberg.com

Kathryn L. Tucker
Washington State Bar Number 15881
Kathrynltucker@yahoo.com

Matthew C. Zorn
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, TX 77002
Phone: 713.632.8000
Fax: 713.632.8002
mzorn@yettercoleman.com

Thomas J. Tobin
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000
ttobin@perkinscoie.com

Andrew J. Kline
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Phone: 303.291.2300
Fax: 303.291.2400
akline@perkinscoie.com

Holly Martinez
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.222
hmartinez@perkinscoie.com



**U. S. Department of Justice**

Drug Enforcement Administration

8701 Morrissette Drive
Springfield, Virginia 22152

*www.dea.gov*

Kathryn L. Tucker, Esq.
Emerge Law Group
621 S.W. Morrison Street
Suite 900
Portland, Oregon 97205
kathryn@emergelawgroup.com

Dear Kathryn Tucker:

  This is in response to your June 29, 2022 letter to the Drug Enforcement Administration (DEA) regarding DEA's June 28, 2022 response to your February 10, 2022 letter. Your February 10, 2022 letter addressed the Right to Try Act (RTT), 21 U.S.C. 360bbb-0a, and requested that your clients—Advanced Integrative Medical Science Institute (AIMS) and its co-director, Dr. Sunil Aggarwal—receive authorization to obtain psilocybin, a schedule I controlled substance, for therapeutic use for terminally ill patients suffering anxiety and/or depression, and immunity from prosecution under the Controlled Substances Act (CSA). Your June 29, 2022 letter sought confirmation on whether DEA's June 28, 2022 letter was "a final decision of the agency and therefore subject to judicial review under 21 U.S.C. § 877." DEA appreciates the opportunity to address your June 29, 2022 letter, and this response constitutes DEA's final decision to deny the requests made in your February 10, 2022 letter. We do so for the following reasons.

  DEA's prior two letters to you, dated February 12, 2021, and June 28, 2022, explained why your proposal was not legally feasible under the CSA. We begin with a brief summary of the considerations set forth in DEA's February 12, 2021 letter. As indicated therein, practitioners who seek to dispense or possess schedule I controlled substances must be properly registered as an approved researcher in accordance with the CSA and its implementing regulations. 21 U.S.C. 823(f); 21 CFR 1301.18, 1301.32. As DEA further explained in its prior correspondence, with respect to your request for immunity under 21 CFR 1316.24, that provision only applies to persons who are already registered with DEA to engage in research in controlled substances and are acting within the scope of that registration. Dr. Aggarwal has not requested or obtained a schedule I researcher registration from DEA; therefore, he is not authorized to dispense or possess psilocybin and is not eligible to seek such an exemption from prosecution at this time.

  Insofar as it contends that the RTT and CSA grant such authorization and immunity, your letter reflects a fundamental misunderstanding of the relationship between the RTT and the CSA. In enacting the RTT, Congress expressly amended the Federal Food, Drug, and Cosmetic Act (FDCA) and provided exemptions from certain FDCA requirements governing the labeling, approval, and clinical trials of drugs. 21 U.S.C. 360bbb-0a(b). The RTT did not, however, provide any exemptions from the CSA or its implementing regulations. As the Ninth Circuit observed in *AIMS, PLLC v. Garland*, 24 F.4th 1249, 1261 (9th Cir. 2022), the RTT "did not give the DEA authority to waive CSA requirements." Because "Congress has not yet made an exception to the CSA to allow for the legal use of psilocybin for therapeutic purposes," *id*. at 1262, the CSA's requirements to handle psilocybin for research purposes remain in effect.

Kathryn L. Tucker                                                                                                                  Page 2

     Your February 10, 2022 letter also asked DEA to "waive or make an exception" to "any registration requirement in the CSA or in DEA's implementing regulations" that would apply to your request for access to psilocybin. Specifically, your letter asked DEA to waive, "at least temporarily," the registration requirement under section 823(f). This request included a citation to 21 U.S.C. 822(d), which provides that DEA "may, by regulation, waive the requirement for registration of certain manufacturers, distributors, or dispensers if [DEA] finds it consistent with the public health and safety." To the extent that your reference to section 822(d) was intended as a request for DEA to initiate rulemaking to accommodate your clients' requested access to psilocybin, DEA declines to do so. As a preliminary matter, because you did not provide DEA with the proposed text, or even the scope, of the regulation you purportedly seek pursuant to section 822(d), the Agency is unable to fully assess your proposal.

     In any event, DEA concludes that any purported request to initiate rulemaking to accommodate your clients' requested access to psilocybin is not consistent with public health and safety. By placing psilocybin in schedule I, Congress determined that the drug has "a high potential for abuse," "no currently accepted medical use in treatment in the United States," and "a lack of accepted safety for use . . . under medical supervision." 21 U.S.C. 812(b)(1). Congress further set forth in 21 U.S.C. 823(f) explicit conditions for practitioners seeking to dispense schedule I controlled substances to research subjects. DEA believes that your general proposal to abandon altogether these findings and limitations when it comes to your proposed activity would be too great a departure from current law and inconsistent with public health and safety.

     Although your February 10, 2022 letter did not reference 21 CFR 1307.03, any purported request for an exception to DEA regulations is denied for similar reasons. Among other things, under section 1307.03, DEA may only waive regulatory requirements, not statutory requirements. Thus, this section may not be utilized to waive the statutory requirement of registration under the CSA.

     The historical scenarios involving schedule I controlled substances that you cited in your February 10, 2022 letter, which were consistent with this 21 U.S.C. 823(f) framework, do not support your request. For example, you referred to expanded access to the investigational cannabidiol drug, now known as Epidiolex (which was at the time a schedule I controlled substance), to children with seizure disorders. When that dispensing activity occurred, it was carried out by practitioners who, unlike Dr. Aggarwal, were registered with DEA to conduct research with schedule I controlled substances—not practitioners who were only authorized to handle schedule II-V controlled substances. *See* Cannabidiol: Barriers to Research and Potential Medical Benefits: Hearing Before the Caucus on Int'l Narcotics Control of the U.S. Senate (2015) (Statement of Joseph T. Rannazzisi, Deputy Assistant Administrator, Drug Enforcement Administration), available at https://www.dea.gov/sites/default/files/pr/speeches-testimony/2015t/062415t.pdf.

     As DEA previously indicated, the agency welcomes applications for registration by practitioners seeking to conduct bona fide research with schedule I controlled substances, including psilocybin. *See* 21 U.S.C. 823(f); 21 CFR 1301.18 and 1301.32.

Kathryn L. Tucker Page 3

    I trust this letter adequately addresses your inquiry. For additional information regarding the DEA Diversion Control Division, please visit www.DEAdiversion.usdoj.gov. If you have any additional questions on this issue, please contact the Diversion Control Division Policy Section at (571) 362-3260.

Sincerely,

THOMAS PREVOZNIK
Digitally signed by THOMAS PREVOZNIK
Date: 2022.08.19 12:21:03 -04'00'

Thomas W. Prevoznik
Deputy Assistant Administrator
Diversion Control Division